# Munley, Appellant, *v.* Northern Electric Street Railway Company.

*Practice, C. P.—Trials—Objection to admission of evidence—Withdrawal of objection.*

Where on the trial of an action against a street railway company to recover damages for injuries to plaintiff's property resulting from the change of grade of a city street, plaintiffs objected to the admission in evidence of certain testimony taken at a hearing in former suits against the city relating to the same matter, and such objection was overruled and the evidence admitted, and thereafter during the trial in pursuance of a suggestion by the court it was agreed by plaintiff's counsel that all the testimony taken in the former proceedings should be read, such agreement amounted to a withdrawal of the prior objection and could not be successfully made the basis of an assignment of error on appeal.

Argued March 16, 1916. Appeals, Nos. 17, 18 and 19, Jan. T., 1916, by plaintiffs, from judgments of C. P. Lackawanna Co., Oct. T., 1911, Nos. 800, 801 and 802, respectively, on verdicts for defendants in cases of John Munley, Bridget Nolan and Martin Keenehan v. Northern Electric Street Railway Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for injuries to private property resulting from change of grade of city street. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for defendant in each case. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence and in refusing plaintiffs' motions for a new trial.

*M. A. McGinley,* for appellants.

*H. C. Reynolds* and *Joseph O'Brien,* for appellees.

PER CURIAM, April 17, 1916:

We can see no merit in these appeals. The single assignment alleges error in admitting in evidence in these suits against the Northern Electric Street Railway Company testimony of witnesses taken at a former trial of cases brought by two of the plaintiffs, Munley and Keenehan, against the City of Scranton. Those cases were brought to recover damages resulting to the plaintiffs by reason of a change of grade made by the city in the street in front of their premises, and were tried before a referee. When the offer of testimony was made, the plaintiffs' counsel objected, the objection was overruled, and the evidence was admitted. Munley's testimony was then read from the record in the former suits, and at its conclusion, the court suggested that the reading of the testimony of the other witnesses might lead to confusion, whereupon "it was agreed by the plaintiffs' counsel that all the testimony taken before the referee (in the city cases) shall be read." The appellee then read the testimony of the other witnesses. This was manifestly a withdrawal of the objections previously made to the offer, and an agreement that all the testimony taken before the referee in the cases against the City of Scranton should be read in the present suits brought against the defendant railway company to recover damages for an alleged subsequent change of grade in the same street.

The judgment in each case is affirmed.